22-1524-cv
*Black v. Ganieva*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand twenty-three.

PRESENT:

        DENNIS JACOBS,
        EUNICE C. LEE,
        MYRNA PÉREZ,

                *Circuit Judges*.

------------------------------------------------------------------

LEON D. BLACK,

        *Plaintiff-Appellant*,

   v.                                                                         No. 22-1524-cv

GUZEL GANIEVA,
JOSH HARRIS,
STEVEN RUBENSTEIN,
WIGDOR LLP,

        *Defendants-Appellees*,

JOHN DOES 1-3,

        *Defendants*.

------------------------------------------------------------------

| | | |
|---|---|---|
| For Plaintiff-Appellant: | | MICHAEL K. KELLOGG (Reid M. Figel, *on the brief*), Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C. New York, NY. |
| For Defendant-Appellee Ganieva: | | KEVIN MINTZER (Laura L. Koistinen, *on the brief*), Law Office of Kevin Mintzer, P.C. New York, NY. |
| For Defendant-Appellee Harris: | | PAUL SPAGNOLETTI (Martine M. Beamon, Matthew Cormack, Lindsay Schare, *on the brief*), Davis Polk & Wardwell LLP New York, NY. |
| For Defendant-Appellee Rubenstein: | | JACOB BUCHDAHL (Mark P. Musico, *on the brief*), Susman Godfrey, L.L.P. New York, NY. |
| For Defendant-Appellee Wigdor LLP: | | MAX GERSHENOFF (Janice J. DiGennaro, *on the brief*), Rivkin Radler LLP Uniondale, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Leon Black, founder and former CEO of Apollo Global Management, Inc., appeals from the district court's dismissal with prejudice of Black's suit against: Josh Harris, Black's co-founder at Apollo; Steven Rubenstein, Apollo's media consultant; Guziel Ganieva, Black's former romantic partner who has accused Black of sexual assault and sued him in New York State court;

2

and Wigdor LLP, the law firm that represents Ganieva in her state court lawsuit against Black. *Ganieva v. Black*, 155262/2021 (N.Y. Sup. Ct.). Black's federal suit brings substantive and conspiracy claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, alleging that the defendants devised a fraudulent scheme to force Black to resign from Apollo by leveraging allegations of Black's sexual misconduct with Ganieva.

On appeal, Black argues that the district court (1) abused its discretion in denying Black's Fed. R. Civ. P. 15 motion for leave to file a Second Amended Complaint ("SAC"), and (2) abused its discretion insofar as it dismissed—without considering the proposed SAC—Black's First Amended Complaint ("FAC") with prejudice based on futility. Black does not challenge the merits of the district court's dismissal of the FAC for failure to state a claim. Nor does Black ask this Court to determine whether the SAC states a claim. Instead, he requests that we vacate the district court's decisions and remand the case for the district court to consider the SAC's sufficiency in the first instance.

We conclude that the district court did not abuse its discretion in denying Black leave to file the proposed SAC, nor did it abuse its discretion in dismissing the FAC with prejudice. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

**I.    Procedural History**

    A.  Denial of Rule 15 Motion

        1.  *First Amended Complaint and Pretrial Conference*

Black filed the initial complaint in this action on October 28, 2021, bringing substantive and conspiracy-based civil RICO claims, as well as state law defamation, breach of contract, and unjust enrichment claims against Ganieva, Wigdor, and three "John Doe" defendants. Defendants

3

Wigdor and Ganieva filed motions to dismiss on January 7, 2022, asserting that Black had failed to state a claim. On the same day, the district court issued an order directing Black to either file an amended complaint or oppose the motion to dismiss by January 28, 2022, and indicated that no further opportunity to amend would "ordinarily be granted." Joint App'x at 403. In response, Black filed the FAC on January 24, 2022. The FAC replaced the "John Doe" defendants from the first complaint with Harris and Rubenstein and dropped Wigdor as a federal RICO defendant.[1] On March 4, 2022, all defendants moved to dismiss the FAC for failure to state a claim.

The district court held its first pretrial conference on March 10, 2022. At that conference, Black previewed the possibility of filing a second amended complaint as of right under Fed. R. Civ. P. 15(a)(1) on the basis that the FAC added two new defendants not named in the initial complaint, Harris and Rubenstein. After conceding that Harris and Rubenstein had replaced the John Does in the initial complaint and agreeing with the court that, as a result, there was no further entitlement to an amended complaint as of right as to any defendant, Black's counsel requested a brief extension in the briefing schedule for the motion to dismiss. In considering the extension request, the district court explained to Black's counsel that any response by Black to the motions to dismiss would mean forgoing the decision to seek leave to file a second amended complaint under Fed. R. Civ. P. 15(a)(2). In light of the requested extension, Black was given a deadline of April 4, 2022, either to respond to the motions to dismiss *or* to request leave to amend for a second time.

---

[1] As a result, only state law claims remained against Wigdor.

4

2. *District Court's Denial of Rule 15 motion*

On April 4, 2022, Black filed his opposition to the motions to dismiss and a letter stating his intent to seek leave to amend. On April 18, 2022, Black filed a Rule 15(a)(2) motion seeking leave to amend, including a redlined proposed SAC reflecting the changes between the SAC and the FAC. Defendants filed a joint response opposing the motion on the bases that: (1) Black disregarded the district court's caution at the pretrial conference that by responding to the motions to dismiss, Black would forgo the possibility of further amendment; (2) leave to amend would prejudice defendants because of the inherently "stigmatizing effect" of ongoing "meritless" RICO litigation and because the motions to dismiss had been "nearly fully briefed"; and (3) amendment was futile because the SAC "remain[ed] facially deficient and fail[ed] to address the fundamental defects of the [FAC]" and, furthermore, the "new information" Black proffered was not in fact new and was relied on by Black in his response to the motions to dismiss. Joint App'x at 1338–39.

The district court denied Black's Rule 15 motion on April 25, 2022. The order noted Black's failure to follow the district court's prior guidance and that by responding to the motions to dismiss, he gave up his opportunity to seek leave to amend. In explaining its decision, the district court also adopted the arguments made in defendants' joint letter opposing the Rule 15 motion. Because it was denying the Rule 15 motion, the district court indicated it would resolve the pending motions to dismiss the FAC. The district court further specified that "[i]n the event the Court grants the motion to dismiss, the Court will determine whether and to what extent such dismissal(s) are to be with prejudice." Special App'x at 2.

B. <u>Dismissal of First Amended Complaint with Prejudice</u>

On June 30, 2022, the district court dismissed the RICO claims in the FAC with prejudice

1   for failure to state a claim. The district court identified four major flaws with Black's civil RICO
2   claims requiring dismissal: (1) failure to plead an association-in-fact as required for an enterprise;
3   (2) failure to plead the necessary predicate acts; (3) failure to plead continuity; and (4) failure to
4   plead an injury. The district court concluded that these four flaws rendered the FAC "glaringly
5   deficient in fundamental respects" and thus found "that it would be futile to allow repleading."
6   Special App'x at 64 n.24. Given the dismissal of all federal claims, the district court declined to
7   exercise supplemental jurisdiction over the remaining state-law claims and dismissed those claims
8   without prejudice.

9   **II.    Discussion**

10          A. Standard of Review

11  Denial of leave to amend is reviewed for abuse of discretion, except insofar as the denial
12  was based on a conclusion that the proposed amended pleading was futile, in which case we review
13  that legal conclusion *de novo*. *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 389 (2d Cir. 2015) (denial
14  of Rule 15 motion); *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015) (motion to
15  dismiss with prejudice based on futility). We will not identify an abuse of discretion "absent an
16  error of law, a clearly erroneous assessment of the facts, or a decision outside the available range
17  of permitted choices." *Knife Rights*, 802 F.3d at 389.

18  Because any error in denial of the Rule 15 motion would be harmless if the FAC was
19  properly dismissed, we address the dismissal with prejudice of the FAC first. *In re Agent Orange*
20  *Prod. Liab. Litig.*, 517 F.3d 76, 104 (2d Cir. 2008) (holding that any error in denying leave to
21  amend was harmless where the amended complaint would not have addressed defects with the
22  operative complaint).

B. Application

Black argues that the district court abused its discretion in dismissing the FAC with prejudice because it reached that conclusion without any reference to the proposed SAC. Notably, Black challenges the *process* by which the district court reached its futility determination, not the legal conclusion that amendment was futile. And, as Black acknowledges, we review that process only for abuse of discretion. *Balintulo*, 796 F.3d at 164. Finding none, we affirm.

Black argues that the district court's failure to consider the proposed SAC in dismissing the FAC with prejudice was an abuse of discretion because, in overlooking the SAC, the district court "necessarily failed to consider whether there were any possible amendments that might plausibly allege" a claim. Appellant's Br. at 38–39 (internal quotation marks omitted). Though Black is correct that courts commonly look to proposed amendments to determine futility, *see Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 235 (2d Cir. 2007) (remanding case to the district court "to determine whether the proposed amendment or different amendments to the complaint should be allowed"), there is no requirement in our case law that courts explicitly *reconsider* proposed amendments *they have already denied* in dismissing an operative complaint with prejudice.[2]

Black cites to no case directly on point for this purported requirement. Moreover, the caselaw Black does cite is inapposite because, in those instances, the district court either denied a proposed amended complaint on futility grounds without actually considering the proposed amended complaint, *Bensch v. Est. of Umar*, 2 F.4th 70, 80 (2d Cir. 2021), erroneously imposed a

---

[2] Such a requirement would be in tension with the law of the case doctrine at least insofar as it would require courts to reconsider proposed amendments they have already denied as futile. *See In re Peters*, 642 F.3d 381, 386 (2d Cir. 2011) ("The law of the case doctrine, although not binding, counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons" (internal quotation marks omitted)).

procedural bar, *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011), or dismissed an operative complaint with prejudice without addressing the request for leave to amend or making a determination of futility, *Brook v. Simon & Partners LLP*, 783 Fed. App'x 13, 16 (2d Cir. 2019). None of these circumstances occurred in this case. Here, Black failed to follow the district court's guidance that he would forgo further opportunity to amend by responding to the motions to dismiss, and the district court had already denied the proposed SAC. *See Ritchie Capital Mgmt., L.L.C. v. General Elec. Capital Corp.*, 821 F.3d 349, 352 (2d Cir. 2016) (citing with approval to Judge Engelmayer's Individual Rules and Practices in Civil Cases on leave to amend). Thus, in ruling on the motions to dismiss, the court was only considering the sufficiency of the FAC—to do so without explicitly readdressing the SAC was not an abuse of discretion.

We reject Black's implicit argument that, because the district judge did not expressly recite consideration of the proposed SAC, we should assume he ignored it. The SAC was before the judge; the defendants had already argued that the SAC was futile; and the judge then found in dismissing the FAC that "it would be futile to allow repleading." Special App'x at 64 n.24. We presume that the district judge was aware of the consequences of the futility ruling and had reviewed the materials before him—it is not an abuse of discretion to omit saying so explicitly.

Moreover, Black's argument presumes that amendment of the FAC was not futile, *i.e.*, that the SAC redressed the FAC's flaws. But Black's opening brief nowhere argues how the SAC addresses those defects, and we are not required to consider arguments raised for the first time in a reply brief. *ABKCO Music, Inc. v. Sagan*, 50 F.4th 309, 324 n.11 (2d Cir. 2022); *see also Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 710 n.3 (2d Cir. 2002) ("Because th[e] claim was first raised in plaintiffs' reply brief we need not consider it."). Furthermore, Black specifically requests that this Court refrain from assessing the sufficiency of the SAC, but rather permit the district court

1 to assess the SAC in the first instance.

2 Finally, because the district court did not abuse its discretion in dismissing the FAC with prejudice, we need not reach the question of whether it abused its discretion in denying the Rule 15 motion. For even assuming, *arguendo*, an abuse of discretion in denying leave to amend, any such error was harmless. *See In re Agent Orange,* 517 F.3d at 104.

                      \*              \*              \*

For the above reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court